UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWELLYN CHARLES COX IV,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 8:19-cv-00061-CJC-KES<br><br>ORDER TO SHOW CAUSE WHY IN FORMA PAUPERIS APPLICATION SHOULD NOT BE DENIED FOR FAILURE TO STATE A CLAIM |

## I.
## INTRODUCTION

On January 7, 2019, pro se Plaintiff Lewellyn Charles Cox, IV ("Plaintiff") constructively filed his initial Complaint pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (Dkt. 1 [signature date].) On March 1, 2019, Plaintiff constructively filed his First Amended Complaint ("FAC"). (Dkt. 8.) Plaintiff is requesting to proceed in forma pauperis ("IFP"). (Dkts. 5, 7, 10, 12.)

Under 28 U.S.C. § 1915(e)(2)(B), a federal court should dismiss an IFP complaint that is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from

such relief.  See Marks v. Solcum, 98 F.3d 494, 495 (9th Cir. 1996).  A complaint may fail to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended).  In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

## II.
## SUMMARY OF ALLEGATIONS

In his FAC, Plaintiff names the United States of America as Defendant and alleges failure to comply with FOIA.  (Dkt. 8 at 3.)  For relief, Plaintiff requests $450,000 in damages.  (Id. at 6.)

Plaintiff alleges that he mailed his initial FOIA request in December 2017,[1] directed to the Secret Service.  (Id. at 5.)  On June 18, 2018,[2] the Department of Homeland Security ("DHS") responded as follows: "Secret Service searched its main indices, and any responsive records identified in connection with that search have been located and forwarded to this office for review and a disclosure determination.  …[D]ue to the increasing number of FOIA[] requests received by this office, we may encounter some delay in processing your request."  (Id. at 7.)

On August 23, 2018, DHS sent Plaintiff a letter, indicating that Plaintiff requested the following information: (1) a copy of the E-mail sent to Special Agent James Mikkelson, from State of California Parole Office in October 2008, with a photo of Plaintiff, (2) the origin and date of the photo, and (3) a certification as to

---

[1] The June 18, 2018 letter from DHS indicates that the request was submitted to the Secret Service on April 16, 2018.  (Dkt. 8 at 7.)

[2] This letter indicates that an initial response was sent to Plaintiff on May 9, 2018.  (Dkt. 8 at 7.)  Plaintiff does not include the May 9, 2019 letter with his FAC.

when the photo was first saved to the Secret Service database and added to a photo lineup used in Plaintiff's criminal case. (Id. at 8.) For the first request, DHS indicated that all documents responsive to Plaintiff's request had been forwarded to DHS for processing; after processing, DHS will release disclosable documents to Plaintiff. (Id.) DHS reminded Plaintiff of the possibility of delay. (Id.) For the latter two requests, DHS advised Plaintiff that his requests do not comply with FOIA because FOIA "does not require an agency to either create new records, answer questions posed by requesters, or attempt to interpret a request that does not identify specific records." (Id. at 8-9.) For these latter two requests, DHS advised that failure to submit "perfected" requests in thirty days would result in closure of the files. (Id. at 9.)

Plaintiff includes a letter he sent DHS on February 24, 2019, stating "after an entire year of waiting for compliance, it appears individuals within your office are intentionally obstructing my request." (Id. at 10.)

## III.
## ANALYSIS

**A. Exhaustion.**

"Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review. … The complainant must request specific information in accordance with published administrative procedures, see 5 U.S.C. § 552(a)(1), (2) & (3), and have the request improperly refused before that party can bring a court action under the FOIA. See 5 U.S.C. § 552(a)(4)(B)." In re Steele, 799 F.2d 461, 465-66 (9th Cir. 1986); see also Hymen v. Merit Sys. Prot. Bd., 799 F.2d 1421, 1423 (9th Cir. 1986) (FOIA claims dismissed for failure to comply with regulations providing for appeals), overruled on other grounds by Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990). For FOIA requests processed by DHS, the Code of Federal Regulations sets forth administrative exhaustion requirements. See 6 C.F.R. § 5.8 (describing administrative appeals

| | |
|---|---|
| 1 | process required before seeking judicial review). |
| 2 | A requester need not exhaust administrative remedies, however, when he or |
| 3 | she has not received a timely notice of the agency's decision. The agency is |
| 4 | required to determine within 10 working days after receiving a request—unless it |
| 5 | grants itself an extension for an additional 10 days—whether to comply with the |
| 6 | request. See 5 U.S.C. § 552(a)(6)(A) & (B). While the agency need not actually |
| 7 | fulfill the request within that period, it is required to notify the requester of whether |
| 8 | and how it will comply. See 5 U.S.C. § 552(a)(6)(A)(i). The agency's failure to |
| 9 | respond to the initial request within the initial 10-day period (plus any 10-day |
| 10 | extension) may constitute "constructive exhaustion." See 5 U.S.C. § 552(a)(6)(C); |
| 11 | Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 62 (D.C. Cir. 1990). |
| 12 | In the FAC, Plaintiff does not allege that he exhausted his administrative |
| 13 | remedies, and he does not include any documents showing efforts to do so. It also |
| 14 | does not appear evident that Plaintiff received an untimely response from DHS, |
| 15 | constituting constructive exhaustion. Per the letter from DHS, Plaintiff's request |
| 16 | was received on April 16, 2018, and DHS initially responded May 9, 2018 (i.e., 17 |
| 17 | working days later). (Dkt. 8 at 7.) Because Plaintiff has not included the May 9, |
| 18 | 2018 initial response, it is unclear whether DHS timely responded (which it would |
| 19 | have if it granted itself a 10-day extension). Without a showing of administrative |
| 20 | exhaustion or untimely response, Plaintiff cannot presently seek judicial review. |
| 21 | **B. <u>Requested Relief.</u>** |
| 22 | FOIA does not authorize claims for monetary relief. Under FOIA, "the |
| 23 | district court of the United States in the district in which the complainant resides … |
| 24 | has jurisdiction to enjoin the agency from withholding agency records and to order |
| 25 | the production of any agency records improperly withheld from the complainant." |
| 26 | 5 U.S.C. § 552(a)(4)(B). Although the FOIA statute explicitly creates a federal |
| 27 | private right of action to sue for injunctive relief against a federal agency, the |
| 28 | statute does not provide for a right to pursue monetary damages. See 5 U.S.C. |

§ 552; O'Toole v. I.R.S., 52 F. App'x 961, 962 (9th Cir. 2002) ("[Plaintiff] failed to state a valid FOIA claim because he requested only monetary damages in this action, and the statute does not authorize such relief."); Gasparutti v. United States, 22 F. Supp. 2d 1114, 1116-17 (C.D. Cal. 1998) ("There is no provision under FOIA which provides for an award of money damages for alleged wrongs by federal agencies."); Dunne v. United States, 2019 WL 1048239, at *4 (N.D. Cal. Mar. 5, 2019) ("[Plaintiff] has in fact failed to state a FOIA claim because the only remedy he seeks is monetary relief.").

In his Complaint, Plaintiff includes the following request for relief: "I request $450,000 for withholding FOIA." (Dkt. 8 at 6.) Because Plaintiff only seeks monetary relief, he fails to state a claim under FOIA.

## IV.
## CONCLUSION

**On or before May 1, 2019**, Plaintiff may discharge this Order to Show Cause by showing that he does state a cognizable claim. In particular, Plaintiff should address: (1) whether he exhausted his administrative remedies or DHS failed to timely respond; (2) whether he only seeks monetary damages or other relief; and (3) whether he received any responsive documents or further correspondence from DHS regarding the E-mail sent to Special Agent James Mikkelson, from State of California Parole Office in October 2008 (i.e., the one request DHS was reviewing). The Court defers ruling on Plaintiff's IFP application until he does so.

DATED: April 2, 2019

CORMAC J. CARNEY
United States District Judge

Presented by:

KAREN E. SCOTT
United States Magistrate Judge

5